SALCINES, Judge.
Arne Soreide appeals the February 18, 2004, amended final judgment entered in favor of Vantrex Communications, Inc. Due to the procedural error that occurred when the trial court entered conflicting final judgments, we reverse and remand for a new trial.
On January 22, 2004, a nonjury trial was conducted on proceedings supplementary to execution which had been filed by Van-trex against Mr. Soreide. At the conclusion of the trial, the attorneys for the parties were directed to submit proposed final judgments for the trial court’s consideration. On February 2, 2004, the proposed final judgment prepared by Mr. So-reide’s attorney was submitted to the court. The judgment which ruled in Mr. Soreide’s favor was signed by the trial court and filed with the clerk on the day it was received. The attorney for Vantrex submitted its proposed judgment on February 5, 2004. Thereafter, in an order rendered February 18, 2004, the trial court sua sponte set aside the February 2, 2004, final judgment, stating that the proposed final judgment submitted by Mr. Soreide “was signed in error.” An amended final judgment was rendered in favor of Van-trex on February 18, 2004, nunc pro tunc, February 2, 2004. Mr. Soreide argues and Vantrex concedes that the trial court erred when it sua sponte set aside the original final judgment and entered the amended final judgment more than ten days after the entry of the original final judgment.
This matter is governed by Bolton v. Bolton, 787 So.2d 287 (Fla. 2d DCA 2001), in which this court noted that a trial court may correct a clerical error at any time on its own initiative pursuant to Florida Rule of Civil Procedure 1.540(a). However, when the error is not clerical but rather is a judicial error which affects the substance of a judgment, as in the present case, it must be corrected within ten days after entry of the judgment pursuant to Florida Rule of Civil Procedure 1.530 or by appellate review. The February 18, 2004, order was rendered outside the ten-day window in which the trial court could correct the judicial error. Given the' nature of the error in the present case, we vacate both final judgments and remand this matter for a new trial. See Bolton, 787 So.2d at 238.
Reversed and remanded for new trial.
FULMER and WALLACE, JJ., concur.